UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **OMONDI NYONG'O**, <br>     Plaintiff, <br><br> v. <br><br> **SUTTER HEALTH, PALO ALTO MEDICAL FOUNDATION,** and **PALO ALTO FOUNDATION MEDICAL GROUP**, <br>     Defendants. | Case No. 21-cv-06238-YGR <br><br> **ORDER GRANTING MOTION TO AMEND THE COMPLAINT AND REMAND TO STATE COURT** <br><br> Re: Dkt. No. 16 |

On June 22, 2021, plaintiff filed this action in San Francisco Superior Court. Defendants removed the case to federal court on August 12, 2021. Dkt. No. 1. On September 13, 2021, plaintiff filed a motion to amend the complaint and remand to state court. Dkt. No. 16. Having carefully considered the briefing and arguments submitted, and for the reasons set forth more fully below, the Court hereby **GRANTS** plaintiff's motion.[1]

First, Federal Rule of Civil Procedure 15 requires that a plaintiff either obtain consent of the defendant or obtain leave of the court to amend his complaint once a defendant has answered. Fed. R. Civ. P. 15(a). In assessing whether to grant such leave, the Court considers five factors: "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; [*sic*] and (5) whether plaintiff has previously amended [its] complaint." *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 738 (9th Cir. 2013), *aff'd sub nom. Oneok, Inc. v. Learjet, Inc.*, 575 U.S. 373 (2015). The Court finds that the factors set out in *Western States Wholesale* weigh in favor of granting leave. *Id*. Accordingly, and in view of defendants' statement that they do "not oppose Plaintiff's request," Dkt. No. 19 at 6 n.3, the Court **GRANTS** plaintiff's motion to amend. The Court notes here that in granting this motion, the amended complaint will eliminate

---

[1] Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds this motion appropriate for decision without oral argument. Accordingly, the Court **VACATES** the motion hearing set for **OCTOBER 19, 2021**.

plaintiff's federal claims.

Accordingly, the Court next considers the motion to remand. The parties dispute whether the Court should remand the case to state court or exercise jurisdiction over plaintiff's claims. Federal courts have discretion "either to retain jurisdiction to adjudicate the pendent state claims or to remand them to state court." *Harrell v. 20th Century Ins. Co.*, 934 F.2d 203, 205 (9th Cir. 1991). In deciding whether to remand, courts "consider and weigh . . . the values of judicial economy, convenience, fairness, and comity." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988). Where a single federal claim is eliminated at an early stage of litigation, the district court has "a powerful reason to choose not to continue to exercise jurisdiction." *Id.* at 351.

Here, the Court concludes that judicial economy, convenience, fairness, and comity all point towards remanding this case. At this early stage of the case, the Court has neither considered the merits of the case nor invested substantial time and resources in this matter. Further, because the Court has granted plaintiff leave to amend his complaint, which will eliminate the federal claims that provided a basis for removal, it is preferable as a matter of comity for state court judges to apply state law to the remaining claims, which arise solely under state law. Finally, the Court is not convinced by defendants' argument that plaintiff's inclusion of federal statute language in his complaint was part of a ploy to manipulate the forum. Thus, the Court exercises its discretion to **REMAND** the case to state court.

Based on the foregoing, plaintiff is instructed to file the amended complaint within two business days of the order. Upon filing, the Clerk of the Court is directed to **REMAND** the case to the San Francisco Superior Court and close the file.

**IT IS SO ORDERED.**

Dated: October 13, 2021

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT**